## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN TERRENCE MARSHALL, | : | CIVIL ACTION NO. |
| GDC ID # 1211725, Case # 599305, | : | 1:13-CV-03470-TWT-JSA |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| SGT. HOLT, | : | HABEAS CORPUS |
|     Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S ORDER AND
## <u>FINAL REPORT AND RECOMMENDATION</u>

Petitioner, a Georgia prisoner, challenges via his *pro se* 28 U.S.C. § 2254 habeas corpus petition his twenty-year sentence for child molestation and incest that he received on February 14, 2006 in the Superior Court of Rockdale County. (Doc. 1; *see* Doc. 14-1 at 1). Petitioner seeks appointment of counsel because he is "<u>Legally-Blinded</u>" and "<u>Cannot Read or Write</u>." (Doc. 9). Respondent moves to dismiss the petition as time-barred. (Doc. 12). Because Petitioner is not entitled to equitable tolling due to his blindness, **IT IS RECOMMENDED** that Respondent's motion be granted, that the habeas petition be **DISMISSED** as time-barred, that the motion for appointment of counsel be **DENIED**, and that Petitioner be **DENIED** a certificate of appealability.

AO 72A
(Rev.8/8
2)

## I.   <u>Procedural History</u>

After Petitioner's February 14, 2006 conviction upon the entry of his guilty plea, he did not file a motion for new trial or a direct appeal, although on March 16, 2006, he filed through counsel a motion for sentence review, which was denied on June 22, 2007.  (Doc. 1 at 1-4; *see* Doc. 14-1 at 1-2, 19-21; Doc. 14-5 at 29-30).[1]  Petitioner's state habeas petition was docketed on January 23, 2009.  (Doc. 14-1 at 1).[2]  The state habeas court denied the petition (Doc. 14-2), and on September 9, 2013, the Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause ("CPC") to appeal that denial (Doc. 14-4).  Petitioner's federal habeas petition was signed and filed on October 10, 2013 (Doc. 1 at 17).

---

[1]At his guilty plea hearing, Petitioner addressed the Court as follows with respect to his admitted sexual intercourse with his fourteen-year-old daughter:

> I am deeply sorry that I have to cause this Court and you any problems, Sir. And I would like you to know that I really do love my daughter. And I care I about my daughter. And the situation that occurred, I don't know how to explain it, but I am really, really, deeply sorry that this ever occurred and I c[a]me to your court.

(Doc. 14-5 at 38; *see id.* at 30-33 (recitation of the facts of the case)).

[2]In his state habeas petition, Petitioner alleged that his plea was unknowing and involuntary because (1) the trial court failed to explain to him all of the rights he was waiving by pleading guilty (specifically, the rights against compulsory self-incrimination and to testify, present evidence and confront adverse witnesses); (2) he was arrested on an invalid bench warrant; and (3) his trial counsel was ineffective for not challenging the bench warrant and moving to suppress the evidence illegally obtained thereby.  (Doc. 14-1 at 4; *see id.* at 5-21 (supporting brief)).

2

Petitioner raises four grounds for relief in his federal habeas petition, alleging in his first two grounds that his plea was not knowing and voluntary, in his third ground that his trial counsel provided ineffective assistance—in short, the same three grounds that he raised in his state habeas petition (*see supra* n.2)—and in his fourth ground that the trial court improperly allowed hearsay evidence from the victim. (*Id.* at 5, 7-9). Petitioner claims that he is legally blind and requires the assistance of fellow inmates to lead him to his prison call-outs and that he "has problems in finding people who have extra time to research and write his legal applications for court." (*Id.* at 4). He asks that the lateness of his federal habeas petition be excused due to his "problems in reading and writing and in finding any one willing to write for him and do legal research." (*Id.* at 16).

## II. <u>Respondent's Motion To Dismiss and Petitioner's Response</u>

Respondent argues that Petitioner's judgment of conviction became final on or about March 16, 2006, when the thirty-day deadline to file a direct appeal expired, and by the time Petitioner filed his state habeas petition almost three years later, on January 23, 2009, the one-year limitations period for a federal habeas petition had expired as well. (Doc. 12-1 at 4-5). Respondent argues that Petitioner's alleged blindness does not warrant equitable tolling because Petitioner "offers no argument as to the question

3

of whether he acted with due diligence" and he has not shown "a causal connection between his purported legal blindness and his inability to file a federal petition on time." (*Id.* at 7).

Petitioner responds that his legal blindness is an extraordinary circumstance that entitles him to the appointment of counsel, an evidentiary hearing, and equitable tolling of the federal limitations period. (Doc. 15 at 1-6). In support of his motion for appointment of counsel (Doc. 9), Petitioner offers a Memorandum from Dr. Jackson, a physician at Men's State Prison, dated May 14, 2008, stating that Petitioner "is legally blind . . . . His eye condition is permanent and will only worsen over time." (Doc. 10 at 2). Petitioner also notes that his trial counsel testified at his state habeas evidentiary hearing that he is legally blind. (Doc. 15 at 2, 4; *see* Doc. 14-5 at 11 (state habeas evidentiary hearing testimony of Patricia Moon, Petitioner's trial counsel, that Petitioner "is legally blind" and that she placed his initials on his plea forms for him); *see id.* at 26 (Petitioner's Guilty Plea Acknowledgement and Waiver of Rights form, indicating that he is "legally blind" and that his "initials [were] placed by [his] attorney"); *id.* at 35 (transcript of Petitioner's guilty plea hearing, wherein trial court noted that Petitioner is legally blind)).

4

### III.    **Petitioner's Federal Habeas Petition Is Time-Barred.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that an application for federal habeas review of a state court judgment of conviction be filed within one year of the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If, as here, the record does not suggest otherwise, the limitations period for a federal habeas petition is triggered by the finality of the judgment of conviction at issue, i.e., "by the conclusion of direct review or the expiration of the time for seeking

AO 72A
(Rev.8/8
2)

such review." 28 U.S.C. § 2244(d)(1)(A).[3]  Because Petitioner did not file a direct

appeal of his convictions within the thirty-day time limit for doing so, *see* O.C.G.A.

§ 5-6-38(a) (allowing thirty days to appeal a judgment of conviction in Georgia), his

convictions became final under 28 U.S.C. § 2244(d)(1)(A) on March 16, 2006, when

the thirty-day deadline expired.  *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th

Cir. 2002) (holding "that where petitioner did not seek direct review of his judgment

of conviction or sentence, his judgment of conviction (entered upon his guilty plea)

became 'final' for purposes of § 2244 on the date his 30-day right to appeal expired";

and noting that "this date [is] not affected by [an] application for sentence review,

[which] . . . is not a part of the direct appeal process under Georgia law").  Petitioner

thus had until March 16, 2007 to file either a tolling application for state

post-conviction relief or a federal habeas petition.

---

[3] The Supreme Court recently clarified the meaning of § 2244(d)(1)(A) as follows:

The text of §2244(d)(1)(A) . . . consists of two prongs. . . . For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

6

A.   <u>**Statutory Tolling**</u>

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A Georgia prisoner sentenced before July 1, 2007, as Petitioner was, could in certain circumstances apply to a panel of three superior court judges (a Georgia Sentence Review Panel) for review of his sentence under O.C.G.A. § 17-10-6. *See* 2007 Ga. ALS 327 § 2 (repealing § 17-10-6, effective July 1, 2007). The now repealed statute provided that "the refusal to reduce a sentence by the panel shall not be reviewable." *Id.* (quoting § 17-10-6(d)); *see generally Moseley v. Sentence Review Panel*, 631 S.E.2d 704 (Ga. 2006).

It is unclear whether Petitioner is entitled to statutory tolling during the pendency of his sentence review motion, which he filed on March 16, 2006. *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1293, 1299 (11th Cir. 2008) (holding that "a motion to reduce [petitioner's] legal sentence [under] Florida Rule of Criminal Procedure 3.800(c)" "is not an 'application for State post-conviction or other collateral review with respect to the pertinent judgment' under § 2244(d)(2) that tolls AEDPA's one-year limitations period"), *called into question by Wall v. Kholi*, 131 S. Ct. 1278, 1282 (2011) ("hold[ing] that the phrase 'collateral review' in § 2244(d)(2)

7

means judicial review of a judgment in a proceeding that is not part of direct review[, and b]ecause the parties agree that a motion to reduce sentence *under Rhode Island law* is not part of the direct review process, . . . [that] motion tolled the AEDPA limitation period" (emphasis added)).  Nevertheless, even if Petitioner is entitled to statutory tolling while his sentence review motion was pending, his federal habeas petition is still untimely unless he also is entitled to equitable tolling.  After the sentence review motion was denied and the statutory tolling period ended on June 22, 2007, nineteen months passed before Petitioner filed his state habeas petition.  By that time, without equitable tolling, the twelve-month federal limitations period had expired.

Moreover, without equitable tolling, it is beyond dispute that statutory tolling does *not* apply to Petitioner's state habeas petition because the federal limitations period expired untolled at the latest on June 22, 2008, seven months before Petitioner filed his state petition on January 23, 2009.  *See George v. Sec'y Dep't of Corr.*, 438 Fed. Appx. 751, 753 n.5 (11th Cir. 2011) (noting "that § 2244(d)(2) does not provide for statutory tolling [when] the one-year limitations period provided by AEDPA ha[s] already expired [before a petitioner files] his state post-conviction motion"; and citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), for its "holding that a properly filed application for state post-conviction relief does not provide statutory tolling of

8

[the] AEDPA limitations period where the motion for state post-conviction relief was not filed until after § 2244(d)'s one-year limitation period had expired"). Petitioner's federal habeas petition is untimely and merits review of his federal habeas claims is barred unless he can demonstrate that he is entitled to equitable tolling or he is actually innocent.

    **B.**    **Equitable Tolling**

The Supreme Court of the United States has held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Court has noted, however, "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 2562, 2565 (citation and internal quotations omitted); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly. . . . [It] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)).

9

"The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). At a minimum, "[h]e must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.*; *see Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("Conclusory allegations are simply not enough to warrant a hearing.").

Petitioner argues that his legal blindness warrants equitable tolling and thus his federal habeas petition is timely. (*See* Doc. 1 at 4, 16; Doc. 15 at 1-6). Assuming without deciding that the limitations period was tolled by statute until June 22, 2007, while the sentence review motion was pending, Petitioner still requires approximately eight months of equitable tolling for his petition to be timely. This is so because in addition to the nineteen months to which statutory tolling does not apply, as noted above, Petitioner allowed another month to run untolled between September 9, 2013, when the Supreme Court of Georgia denied his CPC application, and October 10, 2013, when he filed his federal habeas petition. Without more, however, Petitioner's

10

legal blindness is insufficient to justify an equitable extension of the twelve-month federal limitations period for an additional eight months.

Although the Eleventh Circuit has not addressed this precise issue, the Sixth Circuit has held that a petitioner's argument that "he is entitled to equitable tolling because he is blind and must rely on others to assist him in accessing the courts. . . . does not meet the standards required for invocation of equitable tolling, as it does not establish that [he] lacked knowledge of the filing requirement [or] that he was diligent in pursuing his rights . . . ." *Smith v. Beightler*, 49 Fed. Appx. 579, 580 (6th Cir. 2002); *see Hall v. Romanowski*, No. 1:13-cv-621, 2014 U.S. Dist. LEXIS 10708, at *1-3 (W.D. Mich. Jan. 29, 2014) (citing *Beightler* to support conclusion that petitioner was not entitled to equitable tolling despite his alleged " 'peripheral neuropathy,' which restricts his ability to draft pleadings or other forms of correspondence," because even assuming that his physical impairment constituted an extraordinary circumstance, "he fail[ed] entirely to demonstrate the requisite diligence"); *Lamont v. Sec'y, Dep't of Corr.*, No. 5:11-cv-695, 2012 U.S. Dist. LEXIS 90317, at *5-8 (M.D. Fla. June 29, 2012) (rejecting equitable tolling argument, based in part on petitioner's "poor eyesight," because "courts have found that blindness does not warrant equitable tolling"; and citing *Beightler* and *Torres v. Miller*, No. 99 Civ. 0580, 1999 U.S. Dist.

11

LEXIS 13987 (S.D.N.Y. July 8, 1999)); *see also Torres*, 1999 U.S. Dist. LEXIS 13987, at *29-30 (concluding that petitioner was not entitled to equitable tolling despite his assertion that he is legally blind because he had "not presented sufficient evidence to show that he could not pursue his legal rights throughout the entire one-year [federal limitations] period on the basis of his physical and mental problems," but noting that "the record indicates that he is blind only in his right eye and has some left eye vision"). Finally, in *Hamberlin v. Epps*, No. 5:10cv90, 2010 U.S. Dist. LEXIS 141218 (S.D. Miss. Aug. 10, 2010), *adopted by* 2011 U.S. Dist. LEXIS 13324 (S.D. Miss. Feb. 9, 2011), the magistrate judge rejected the petitioner's request for equitable tolling based on his alleged blindness because, like Petitioner here, he "was, in fact, able to file a state post-conviction motion during the time period when he was allegedly legally blind." *Id.* at *10; *see also Cherry v. Dretke*, No. 4:04-CV-0483-A, 2004 U.S. Dist. LEXIS 20001, at *7 (N.D. Tex. Oct. 4, 2004) ("A petitioner's illiteracy and 'legal' blindness . . . do not support equitable tolling.").

Petitioner states in support of his request for equitable tolling that he sought counsel in November 2008 to assist him during his state habeas proceedings; that "[h]e was trying his best with an issue with . . . both eyes to file that petition timely"; and that "[h]is state petition [was NOT] untimely, for his trial date was February 14th,

2006, and he had until February 14th, 2010 to file [his] state habeas [petition]." (Doc. 15 at 6). These arguments do not warrant a finding that Petitioner has properly invoked equitable tolling or even that he is entitled to an evidentiary hearing on the issue. Petitioner's efforts to obtain an attorney in November 2008 came well after the federal limitations period had already expired in June 2008; and Petitioner's reliance on Georgia's four-year habeas limitations period is misplaced. His knowledge of that limitations period, however, reveals that he could have, and with diligence should have, been aware that the federal limitations period runs for only one year and that it runs at the same time as the Georgia limitations period, absent a properly filed application for post-conviction relief pending in the Georgia courts.

In sum, the federal limitations period ran untolled after the denial of sentence review on June 22, 2007 and expired one year later on June 22, 2008. Petitioner waited another seven months before filing his state habeas petition on January 23, 2009, nineteen months after the federal limitations period began to run. As explained above, for Petitioner's federal habeas petition to be timely, he requires equitable tolling of the limitations period for at least eight months during that nineteen-month period. Petitioner has not demonstrated that he has earned that entitlement.

13

C.   **Actual Innocence**

Finally, even if the limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1314-15, 1318 (11th Cir. 2012) (discussing "*Schlup* gateway" to consideration of procedurally barred claims, which the Supreme Court created to prevent the conviction of a defendant who is actually innocent).  Petitioner has not presented any "new reliable evidence" that might support a claim of actual innocence.  His federal habeas petition, signed and

14

filed on October 10, 2013, although due by June 22, 2008, at the latest, is untimely by more than five years.

## IV.   <u>Certificate of Appealability</u>

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).  Furthermore,

> When the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, . . . a
> certificate of appealability should issue only when the prisoner shows
> both that jurists of reason would find it debatable whether the petition
> states a valid claim of the denial of a constitutional right *and* that jurists

15

of reason would find it debatable whether the district court was correct in
its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted).  Because
jurists of reason would not find it debatable that Petitioner's federal habeas petition is
untimely by more than five years and that neither statutory nor equitable tolling nor
Petitioner's actual innocence allows review of the merits of his claims, a certificate of
appealability is not warranted here.

## V.   <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion
to Dismiss Petition As Untimely (Doc. 12) be **GRANTED**; Petitioner's motion for
appointment of counsel (Doc. 9) be **DENIED**; Petitioner's habeas corpus petition
(Doc. 1) be **DISMISSED** as time-barred; and Petitioner be **DENIED** a certificate of
appealability.  Petitioner's motion for leave to file exhibits (Doc. 10) and Respondent's
motion to file responsive pleadings out of time (Doc. 13) are **GRANTED**.

16

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and ORDERED** this 12th day of May, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

17

AO 72A
(Rev.8/8
2)